IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC; AND
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF
THE SPECIALTY UNDERWRITING
AND RESIDENTIAL FINANCE TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2006-BC4,
Appellants,
vs.
2016 MARATHON KEYS TRUST,
Respondent.

No. 75967



FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellants contend that Miles Bauer's offer to pay the superpriority amount of the HOA's lien, once that amount was determined, was a valid tender that prevented the first deed of trust from being extinguished by the HOA's foreclosure sale. We disagree that the offer was a valid tender. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) ("Valid tender requires payment in full."). Alternatively, appellants contend that formal tender should be excused in light of the letter from the HOA's agent, Absolute Collection Services (ACS), declining to provide a superpriority payoff amount free of charge and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-03263

suggesting that a superpriority tender, if made, would be rejected. We similarly disagree with this argument, as no evidence indicates that Miles Bauer decided not to make a payment because it could not calculate the superpriority amount or because it knew ACS would reject a superpriority tender. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) ("Arguments of counsel are not evidence and do not establish the facts of the case." (internal quotation and alteration omitted)).

For similar reasons, we reject appellants' argument that the sale should have been set aside on equitable grounds. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747-50, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). Although appellants contend that Article VII, Section 12 of the CC&Rs amounts to unfairness, there is no evidence that appellants, their predecessors, or potential bidders interpreted that provision as a representation that the superpriority portion of the HOA's lien was not being foreclosed such that bidding was chilled.[2] *Cf. id.* at 741, 405 P.3d at 643 (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and brings about the inadequacy of price*'" to justify setting aside a foreclosure sale on equitable grounds (emphasis added) (quoting *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 58-59, 366 P.3d 1105, 1111 (2016))). And, as

---

[2]We decline to consider appellants' argument that bidding was chilled in light of the opening bid amount, as that argument was not coherently raised in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

indicated above, no evidence indicates that Miles Bauer was prevented from making a tender because it could not calculate the superpriority amount or because it knew ACS would reject a superpriority tender. *Nev. Ass'n Servs.*, 130 Nev. at 957, 338 P.3d at 1255. Similarly, there is no evidence that appellants or Miles Bauer were misled by ACS's letter into believing that the HOA's foreclosure sale would not extinguish the first deed of trust. *Id.*; *see Nationstar Mortg.*, 133 Nev. at 747-50, 405 P.3d at 647-49. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Pickering

_____ J.          _____, Sr. J.
Gibbons                                              Douglas

cc:    Hon. Jacqueline Bluth, District Judge
       Janet Trost, Settlement Judge
       Akerman LLP/Las Vegas
       Ayon Law, PLLC
       Eighth District Court Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.